UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CA 05 366 T

GORDON M. DUKE : PETITIONER

VS CA #

CHARLOTTE S. DUKE : RESPONDENT

COMPLAINT

Gordon M. Duke pro-se

Gordon M. Duke pro-se
82 Maple Ave
Johnston, R.I. 02919
401-559-8014

# COMPLAINT

This civil action arises under the Constitution of the United States, whereas this petitioner seeks redress to acts that violate his rights as afforded under the 14th Amendment to the U.S. Constitution. Jurisdiction is vested in 28U.S.C. 1331 .and 42 U.S.C. 1983. This petitioner respectfully presents questions for review and determination by this Court.

Facts necessary to understand the question presented;

1. This matter originated in the Rhode Island Family Court with a divorce action of Charlotte S, Duke V. Gordon M. Duke P-82-2878.
2. On June 14, 1984, Trial Justice Crouchley awarded the parties joint custody to the parties minor children to both parties, and physical possession to be shared equally between the parents according to the defendant husband's work schedule as a firefighter. (Exhibit # A)
3. Subsequently, the wife filed an appeal to the Rhode Island Supreme Court, 84-537.
4. This petitioner / husband had the matter remanded from the Rhode Island Supreme Court back to the Family Court (pro-se) for hearing during the pending of the appeal.
5. Several motions were filed by both sides in the Family Court, including a "Motion to Adjudge in Contempt" against the wife, and a "Motion to fix custody".
6. As a result to that hearing which was held before Chief Judge Gallogly on May 9, 1985 and May 10, 1985, an Order was prepared by the wife's attorney, Howard I. Lipsey, and presented to Justice Healey for signing, and entering into the record, although Justice Healey never heard the matter. (Exhibit # B)
7. Two appeals were taken from this Order to the Rhode Island Supreme Court by this petitioner / husband, 85-390A and 85-366MP.
8. An Opinion was handed from the R.I. Supreme Court after all three appeals were consolidated. (Exhibit # C). The R.I. Supreme Court docket entry sheet is (Exhibit #D).
9. Duke V. Duke has continued actively through Family Court for 23 years with over 500 docket entries.
10. This petitioner claims that the Order entered by the wife's attorney was designed and crafted to mislead the reader by stating that Judge Gallogly ruled on the "Motion to Fix Custody" by awarding the wife custody of the children. This was absolutely not true. The hearing was solely a contempt hearing against the wife to which Judge Gallogly firmly stated on page #4 of the transcripts (Exhibit E), that he would not set aside any issues, such as custody, during the pending appeal, and that temporary custody would remain with the mother, as a stay, until the higher court ruled. But, the attorney for the wife omitted the wording "temporary" within

the Order and then argued to the R.I. Supreme Court that Chief Judge Gallogly awarded custody to the mother. There is a reason as to why Attorney Lipsey had Judge Healey sign the Order and not Chief Judge Gallogly, who heard the matter, because Chief Judge Gallogly would have seen Attorney Lipsey's trickery. (Exhibit #B)

11. Subsequently, Attorney Howard I. Lipsey entered a second Final Judgment (Exhibit F) to which he added changes that he alleges occurred. Exhibit F is the Final Judgment Order that this petitioner is seeking to have vacated as fraudulent.
12. The R.I. Supreme Court dismissed the appeals and let stand a fraudulent Order that took away this petitioner's constitutional protections. This petitioner claims that he is an aggrieved individual by this miscarriage of justice, who continues to suffer injury, and that his due process and equal protection rights afforded under the 14th Amendment to the U.S, Constitution are being violated . These are unique circumstances to which this petitioner seeks redress and justice, and whatever relief this Court deems just and proper. Jurisdiction is vested in 28 USC 1331 in that this action arises under the U.S. Constitution.

The questions;

1. Is the Entry of Final Judgment Order (Exhibit F) fraudulent, thereby violating this petitioner's rights as afforded under the U.S. Constitution?

2. Did the Rhode Island Supreme Court violate this petitioner's 14th Amendment rights for due process and equal protection, by it's failure to recognize that the Order entered by Attorney Lipsey was fraudulent?

3. Should the Rhode Island Supreme Court have afforded this petitioner access to proper legal representation at the time of the appeals?

The relief sought;

1.To overturn the Order entered as a result to the May 9th and 10th Family Court, which then became the Final Judgment Order, as reversible error and allow the relief to which this petitioner is entitled under the U.S. Constitution.
2. Also to rule whether the Rhode Island Supreme Court denied this petitioner's U.S. Constitutional rights as secured under the 14th Amendment by it's failure to appoint legal representation during the appeal to the Rhode Island Supreme Court.

Reasons as to why relief should be allowed, and is authorized by statute or rule:
(Rule 9 (b) and Rule 60 (b) 3)

> "There is no substantive federal constitutional, statutory, or common law governing family relationships, including matters of custody and visitation rights between the parents and children; substantives aspect of subject of family law and domestic relations is one uniquely within province of respective state; however state's power to legislate, adjudicate and administer all aspects of family law, including determination of custodial and visitation rights, is subject to scrutiny by federal judiciary within reach of Due Process Clause of Fourteenth Amendment, WISE V. BRAVO (1981 CA 10 Colo) 666 f2d 1328.

This petitioner seeks review and relief pursuant to Rule 60 and Rule 9 (b) to a claim that the a Final Judgment Order was entered which violated this petitioner's constitutional rights as secured under the 14th Amendment of the U.S. Constitution. In the interests of justice the record should be correct and void of fraud and error. Since this matter arises under the U.S. Constitution, and as the petitioner's only remedy to relief of injury, this petitioner prays that this Court will grant this petition.
( Jurisdiction arises under 28USC 1331)
Rewarding a wife whose attorney hoodwinked the Court for his client's gain is an act that no court should tolerate, and out of pure fairness to this petitioner the granting of this petition is the proper remedy. Since the Opinion of the R.I. Supreme Court is clearly erroneous in that it reflects actions of Chief Judge Gallogly that were not lawful, this petitioner moves this Court to take such action which would bring justice to the petitioner.

Further, since the Supreme Court in 1963 held in Douglas V. California, 372 U.S. 353, 85 S. Ct. 814, 9 L. Ed. 2d 811 that a state violates the constitutional protections when it forces an indigent, who has a statutory right to appeal, to attempt the appeal without the assistance of an attorney. The Supreme Court reasoning was that without proper legal representation, an appeal constituted nothing more than a "meaningless ritual". Therefore, a state must provide counsel to a defendant who wants to exercise the right to appeal but cannot afford an attorney. Plus during Evitts V. Lucey 469 U.S. 387 S. 105 S. Ct. 830, 83 L. Ed. 821 (1985) the Supreme Court held that a defendant has the right to effective assistance of appellate counsel, stating that a defendant whose counsel does not provide effective representation is "in no better position than one who has no counsel at all".

Since the Rhode Island Supreme Court afforded no legal representation to this petitioner, or a means to which apply for assistance, in which he had an appeal as to a matter of right, this petitioner claims that the Rhode Island Supreme Court discriminated against him, and violated his rights under the due process and equal protection clause of the 14th Amendment to the U.S. Constitution. When an aggrieved

individual has an appeal as a matter of right, does the equal protection and due process clause of the 14th Amendment only protect criminal defendants? Or are all individuals that have access to an appeal as a matter of right eligible for proper legal representation?

Respectfully submitted,

Gordon Duke pro-se
82 Maple Ave
Johnston, R.I. 02919

CERTIFICATION

I, Gordon Duke, hereby certify that I mailed a true copy of the within Complaint to Charlotte S. Duke, 105 Angell Road, Lincoln, R.I. on this 26th day of August 2005.

Gordon Duke