STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

FAMILY COURT
FINAL JUDGMENT

DR

| COUNTY | | CIVIL ACTION – FILE NO. |
|---|---|---|
| PROVIDENCE | | 82-2878 |
| PLAINTIFF CHARLOTTE DUKE | vs. | DEFENDANT GORDON M. DUKE |

Exhibit F

(XX) answered

( ) unanswered

This action came on for trial before the Court, Justice Crouchly presiding, and the issues having been tried and a decision having been duly rendered in favor of Plaintiff/and Defendant on the 25 day of June 1984 and by subsequent Decisions of this Court and affirmation by the Supreme Court on June 11, 1986,

NOW THEREFORE, three months having elapsed and no reason appearing why a final judgment should not be entered, it is ordered, adjudged and decreed that the Plaintiff's/and Defendant's (Cross) Complaint is hereby granted and that the bond of matrimony now existing between the parties be, and the same is, hereby dissolved upon the ground(s) of

irreconcilable differences between the parties which have caused the irremediable breakdown of the marriage. The findings of fact previously made in various Decisions of the Court aforesaid as well as the Supreme Court Ordered:

1. The sole custody of the minor children of the parties is awarded to the Plaintiff, Charlotte S. Duke.

2. Defendant father shall exercise visitation in accordance with his work schedule from 9:00 a.m. on the first day to 6:00 p.m. on the second day at which time he shall return the minor children to the Plaintiff mother. In the event visitation of the Defendant father falls on a day that either child is in school, then it shall be the responsibility of the Defendant father to take the child to school and pick up the child at the school. In addition, the parties will alternate holidays.

3. A child support obligation is hereby imposed upon the Defendant based upon his wages at the Providence Fire Department, in the sum of $50.00 per week. A lien is hereby imposed on the Defendant's interest in real estate located at 4 Kenyon Road, Cranston, Rhode Island. This is in addition

(XX) Check this box if a continuation page is used.

Dated at ____________, Rhode Island, this ____ day of ____________, 19____

DECISION OR FINAL JUDGMENT

(Continuation Page)

to a lien previously imposed on said property.

4. Plaintiff is awarded exclusive use, possession and title of her automobile. She is to pay all expenses thereto including taxes on said automobile.

5. Defendant shall have exclusive use, possession and title to the automobile presently in his possession and shall pay all expenses incidental thereto including the taxes.

6. Each party is awarded exclusive use, possession and title to the furniture presently in their possession.

7. Defendant shall have exclusive use, possession and title to the marital domicile which is assigned to him under the Assignment of Property Statute. Defendant shall pay $5,000 within ninety (90) days to Plaintiff for her interest therein. Defendant shall have exclusive use, possession and title to the household furniture, furnishings and effects in the marit domicile.

8. Defendant is assigned all of his right, title and interest in and to his retirement plan to the exclusion of the Plaintiff.

9. Alimony to both parties is denied.

10. Defendant shall continue in full force and effect, the health care insurance presently in effect for the Plaintiff and minor children of the parties, so long as they are eligible and so long as said coverage is at no additional cost to him. Defendant shall continue to provide medical care for the minor children of the parties and shall be responsible for any excess medical expenses not covered by the insurance. The Court finds as fact that the parties have a joint obligation to support the minor children.

11. The Court finds as fact that the expenses claimed by the Plainti for herself and the minor children of the parties is $225 per week. Defendant shall pay $50 per week for support of the minor children of the parties. While the Plaintiff is on welfare, Defendant may continue his arrangements with welfare, which allows a lien against the marital domicil At such time as the Plaintiff removes herself from welfare, payments will be made directly to her by the Defendant.

12. Both parties shall be responsible for their own attorneys fees.

13. Defendant is enjoined and restrained from in any way harrassing, annoying/assaulting, threatening or in any way interfering with the Plaintiff at her home, on the street or elsewhere. In accordance with the Order of May 24, 1985, Defendant is ordered to pay a counsel fee of $200 to Howard I. Lips Esquire, as soon as he receives his income tax rebate check for the income tax return filed in 1985.

14. The Defendant is ordered to provide the Plaintiff with the necessary cards affording the Plaintiff and children the dental coverage and Rhode Island Group Health Care coverage, as ordered in the Order of May 24, 1985.

Dated at [illegible], Rhode Island, this 15 day of July, 19